UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| LAURENCE HOUGHTON,   a/k/a Lawrence Houghton,      Plaintiff,  V.  UNITED STATES OF AMERICA,      Defendant. | Civil Action No. 6: 15-90-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Laurence Houghton, also known as Lawrence Houghton, is an inmate confined by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP")-Tucson. Proceeding without an attorney, Houghton has filed a Complaint asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. [Record No. 1] Because Houghton has been granted pauper status and is asserting claims against the United States, the Court has conducted a preliminary review of his Complaint. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.[1] As explained below, the United States will be required to respond to Houghton's claims.

---

[1] The Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Because Houghton is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## I.

Houghton alleges that, on August 22, 2014, while he was confined in USP-McCreary, in Pine Knot, Kentucky, the prison staff suggested to other inmates that he was a sex offender. [Record No. 1, p. 6, ¶ 17; p. 8, ¶ 24] Houghton contends that, on that same date, two inmates who were members of the Aryan Brotherhood gang stabbed him in the yard, causing serious injuries to his head, shoulder, arm, and chest.[2] [*Id*., p. 8, ¶¶ 28-29] Houghton alleges that: (i) "those inmates were acting as attackers for the BOP staff" [*Id*., at ¶ 28]; (ii) the prison staff failed to promptly respond to the attack; and (iii) the prison staff failed to render prompt and necessary treatment for his injuries. [*Id*., p. 9, ¶¶ 30-34] Houghton states that he was eventually transported to a local hospital where he received treatment. [*Id*., ¶¶ 34-36] He seeks to recover monetary damages as compensation for his alleged injuries. [*Id*. pp. 11-12]

Houghton filed a request for an administrative remedy under the FTCA, alleging that the prison staff caused the attack and that it failed or refused to provide proper medical care. On December 30, 2014, the BOP denied his administrative remedy request, finding no evidence of negligence on behalf of the BOP staff regarding either of Houghton's allegations. [Record No. 1-3, p. 4]

## II.

The United States of America is immune from suit except where its sovereign immunity is explicitly waived. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

---

[2] Houghton states that the attack occurred on August 27, 2014. However, a medical report attached to the Complaint indicates Houghton was treated for wounds on August 22, 2014. [Record No. 1-3, p. 2] The Court therefore considers August 22, 2014 as the date of the attack.

The FTCA waives this immunity and allows federal district courts to hear tort actions against the federal government for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Substantively, the FTCA makes the United States liable "to the same extent as a private individual under like circumstances," subject to enumerated exceptions. 28 U.S.C. § 2674; *see Levin v. United States*, 133 S. Ct. 1224, 1228 (2013).

The FTCA is the exclusive remedy for tort actions against the federal government, its agencies, and its employees. *Ascot Dinner Theatre v. Small Bus. Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989)  Federal prisoners are among the possible plaintiffs in FTCA cases. *United States v. Muniz*, 374 U.S. 150 (1963). *See also* 28 U.S.C. § 1346(b)(1) and *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). Importantly, an FTCA claim may only be asserted against the United States. *See* 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); and *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (same).

Houghton's claim appears to have been timely presented to the BOP and fully exhausted. Further, Houghton timely filed the present action challenging the BOP's denial of his claim within the six-month period allowed by 28 U.S.C. § 2401(b), and properly named the United States as the sole defendant to this action. Therefore, the Court will direct the United States to file a response to Houghton's FTCA claim.

Because Houghton has been granted pauper status in this action, the London Clerk's Office will be directed to issue Summons, and the United States Marshals Service ("USMS")

will be directed to serve the Summons and Complaint on the United States on Houghton's behalf. *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

### III.

Accordingly, it is hereby

**ORDERED** as follows:

1. A Deputy Clerk in the London Clerk's Office shall prepare a "Service Packet" for service upon the United States of America. The Service Packet shall include:

    a. a completed Summons form;

    b. the Complaint [Record No. 1] and attachments thereto [Record No. 1-1 to 1-4];

    c. this Memorandum Opinion and Order; and

    d. a completed USM Form 285.

2. The Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

3. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to (A) the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; (B) the Office of the Attorney General of the United States in Washington, D.C.; and (C) the Central Office of the Federal Bureau of Prisons in Washington, D.C.

4. Houghton must immediately advise the Court of any change in his mailing address. **Failure to do so may result in dismissal of this case**.

5. If Houghton wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's office. Every motion Houghton files must include a written certification that he has mailed a copy of it to the defendant or its counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a proper certificate of service.**

This 2nd day of October, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge