UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LAURENCE HOUGHTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 15-090-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendant's motion to dismiss or, in the alternative, motion for summary judgment. [Record No. 15] The motion has been fully briefed and was referred to United States Magistrate Judge Hanly A. Ingram for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). [Record No. 20] Magistrate Judge Ingram issued his report on August 9, 2016, recommending that the United States' motion for summary judgment be granted. [Record No. 36] Houghton filed objections on September 16, 2016. [Record No. 39] For the reasons that follow, the Court will adopt the magistrate judge's Report and Recommendation in all respects and grant summary judgment in the United States' favor.

Houghton, a federal prisoner, arrived at USP McCreary in Pine Knot, Kentucky, on approximately July 10, 2014. [Record No. 1, p. 7] He contends that, upon his arrival, Staff Unit Manager Christopher Mabe began telling other inmates that a sex offender had recently been placed in the unit. *Id.* at 8. Houghton alleges that he was the most recent inmate to arrive and that Mabe's comments were directed toward him. *Id.* Further, he contends that prison

-1-

gangs work for the BOP and that Mabe and other BOP staff members were aware of this activity. *Id.* Houghton alleges that Mabe's comments were intended to incite gang members to attack him. On August 22, 2014, Houghton was assaulted by other prisoners in the recreation yard. He sustained injuries to his face, head, arm, and chest during the attack.[1]

Following the assault, Houghton was transported to a nearby hospital where he was treated for stab wounds and subsequently returned to USP McCreary. [Record Nos. 1, p. 9, 15-9, p. 2] He exhausted his administrative remedies and brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2674. Houghton seeks relief upon three distinct theories. First, he claims that Mabe caused the assault by telling other inmates that he is a sex offender. Second, Houghton alleges that that a "compound officer" responsible for supervising the recreation yard was not at his assigned post at the time of the attack. Finally, he claims that the medical team's response following the assault was inadequate, amounting to medical negligence.

The magistrate judge engaged in a thorough review of Houghton's claims and recommended that this Court grant summary judgment in favor of the United States.[2] Houghton does not object to the magistrate judge's recommendation with respect to his claims regarding the compound officer and medical negligence. [Record No. 39, p. 3] Accordingly,

---

[1] Although Houghton's Complaint lists the date of the assault as August 27, 2014, BOP records indicate that the assault actually occurred on August 22, 2014. [Record No. 15-9] In his objections to the magistrate judge's Report and Recommendation, Houghton concedes that the assault occurred on August 22, 2014. [Record No. 39, p. 2]

[2] The magistrate judge considered exhibits attached to the United States' motion and analyzed the matter under Rule 56 of the Federal Rules of Civil Procedure 56 rather than Rule 12(b)(6).

the Court's review is limited to Houghton's claim regarding Mabe's alleged conduct. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).[3]

The Federal Tort Claims Act constitutes a limited waiver of the United States' sovereign immunity. *Milligan v. United* States, 670 F.3d 686, 693 (6th Cir. 2012). In giving consent to be sued under limited circumstances, the FTCA defines the district court's jurisdiction to entertain FTCA suits. *See id.* Section 1346(b) provides that district court jurisdiction over civil actions against the government for the acts or omissions of its employees is dependent upon whether the particular employee is "acting within the scope of his office or employment." *Flechsig v. United States*, 991 F.2d 300, 302 (6th Cir. 1993). Whether an employee's actions are within the scope of employment is determined under state law. *See id.* Under Kentucky law, an intentional tort is within the scope of employment only when the employee commits the tort with the intent to further the employer's business. *Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005). Houghton has not alleged that Mabe made the statements at issue based on anything other than Mabe's own personal motives. Further, he has not identified a plausible connection that the statements may have with the Bureau of Prisons' interests, and the Court can conceive of none.

In his objections, Houghton also argues that Mabe was negligent by failing protect him from the unsafe condition created by the alleged comments. Specifically, Houghton argues that Mabe had a responsibility to report his own conduct to his superiors, as he violated BOP regulations by telling other inmates that Houghton was a sex offender. As the magistrate judge

---

[3] The Court will make a *de novo* determination regarding the portions of the magistrate judge's recommendation to which an objection was made, 28 U.S.C.§ 636(b)(1)(c), but it is not required to review the magistrate judge's conclusions to which neither party has objected. *Thomas*, 474 U.S. at 150.

explained, this argument underscores that Mabe was not acting in his employer's interest when he allegedly made the comments. Houghton also argues, for the first time, that Mabe should have placed him in the Special Housing Unit when gossip that he was a sex offender began circulating among the inmates. As an initial matter, arguments raised for the first time in objections to a magistrate judge's report are deemed waived. *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010). Further, courts have held that a prison official's decision regarding how to protect one prisoner from another is shielded by the discretionary function exception to the FTCA. *See Montez v. United States*, 359 F.3d 392, 399 (6th Cir. 2004).

Based on the foregoing analysis, the Court does not have jurisdiction under the FTCA to consider Houghton's claim regarding Mabe's alleged conduct and the request for additional discovery is precluded. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 36] is **ADOPTED** and **INCORPORATED** by reference.

2. The United States' Motion for Summary Judgment [Record No. 15] is **GRANTED.**

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket. A Judgment in favor of the United States shall issue this date.

This 20th day of September, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge